UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CIV 1728**

-----------------------------------------------------------------x
XULAN LI,

                         Plaintiff,

          -against-

CITY OF NEW YORK; Police Officer JOSEPH DEMARCO, (Shield No. 5440); Police Officer KEITH WELSCH, (Shield No. 25080); Police Officer DAVID PEREZ, (Shield No. 29497); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
-----------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded



      Plaintiff Xulan Li by her attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, by defendants THE CITY OF NEW YORK, Police Officer JOSEPH DEMARCO, (Shield No. 5440); Police Officer KEITH WELSCH, (Shield No. 25080); Police Officer DAVID PEREZ, (Shield No. 29497); and P.O.s "JOHN and JANE DOE" #1-10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Xulan Li ("plaintiff" or "Ms. Li") is a resident of Queens County in the City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Joseph Demarco, Shield No. 5440, ("Demarco"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Demarco is sued in his individual and official capacities.

10. Defendant Police Officer Keith Welsch, Shield No. 25080, ("Welsch"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Welsch is sued in his individual and official capacities.

11. Defendant Police Officer David Perez, Shield No. 29497 ("Perez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Perez is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times hereinafter mentioned Demarco, Welsch, Perez, and the Doe Defendants (collectively the "Municipal Defendants"), either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

14. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

15. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

16. Ms. Lin is a fifty-seven (57) year old artist who is originally from China.

17. Ms. Lin, who speaks Chinese and limited English, lawfully sells her politically artwork at fairs and markets throughout New York.

18. All of the items that Ms. Lin sells conveys political messages through text and imagery and are thus protected items under the First Amendment.

19. Moreover, the items that Ms. Lin sells are all original pieces designed and handcrafted by the plaintiff and are considered to be visual art.

20. Ms. Lin's works do not, and could not be reasonably thought to, violate any trademark or copyright laws.

21. From August 2010 to the present, plaintiff has been systematically harassed and falsely arrested by members of the New York City Police Department in retaliation to Ms. Lin's First Amendment expression of free speech, and based on racial and political discrimination.

22. Specifically, on or about August 15, 2010, June 23, 2011, September 20, 2012, October 12, 2012, and Ms. Lin was falsely arrested by New York City Police Officers while she was legally selling her artwork.

23. The officers who falsely arrested plaintiff over the course of years worked for Patrol Borough Manhattan South, within the confines of the 13th precinct.

24. As a result of being falsely arrested and harassed, Ms. Lin has limited her First Amendment-protected activities. She is afraid to sell her artwork and has attended less art fairs so as to avoid further unlawful, retaliatory acts by Defendants.

**Incident No. 1: August 15, 2010**

25. On or about 3:00 p.m. on August 15, 2010, Ms. Li was lawfully selling her original political art works in or around Union Square, New York, New York.

26. Several New York City Police Officer, including defendant Demarco, approached plaintiff.

27. The officers rifled through and examined the items that plaintiff was selling and commented on their political nature.

28. Ms. Lin explained that all of the items were original art works, expressing political messages, were all designed and handcrafted by her, and thus are First Amendment protected items.

29. Despite the fact that they had no probable cause to believe that plaintiff had committed any crime or offense, the officers, including defendant Demarco, placed plaintiff under arrest.

30. Plaintiff was transported to the 13th precinct.

31. Once at the precinct plaintiff was put into a holding cell.

32. At the precinct the officers, including defendant Demarco, falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff commit crimes and/or offenses.

33. At no point did the officers observe plaintiff commit any crimes or offenses.

34. After approximately ten (10) hours in custody, plaintiff was released from the precinct with a desk appearance ticket.

35. Plaintiff's criminal charges were subsequently adjourned in contemplation of dismissal.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

**Incident No. 2:  June 23, 2011**

37. On or about 11:58 p.m. on June 23, 2011, Ms. Li was lawfully selling her original political art works in the vicinity of Union Square, New York, New York.

38. Ms. Lin was adding artistic details to one of the items that she was selling when several New York City Police Officers, including defendant Welsch, approached plaintiff.

39. The officers rifled through and examined the items that plaintiff was selling and commented on their political nature.

40. Ms. Lin explained that all of the items were original art works, expressing political messages, were all designed and handcrafted by her, and thus are First Amendment protected items.

41. Despite the fact that they had no probable cause to believe that plaintiff had committed any crime or offense, the officers, including defendant Welsch, placed plaintiff under arrest.

42. Plaintiff was transported to the 13th precinct.

43. Once at the precinct plaintiff was put into a holding cell.

44. At the precinct the officers, including defendant Welsch, falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff operating as an unlicensed general vendor, in violation of AC 20-453.

45. At no point did the officers observe plaintiff commit any crimes or offenses.

46. After approximately seven (7) hours in custody, plaintiff was released from the precinct with a desk appearance ticket.

47. Plaintiff's criminal charges were subsequently adjourned in contemplation of dismissal.

48. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

**Incident No. 3: September 20, 2012**

49. On or about 12:45 p.m. on September 20, 2012, Ms. Li was lawfully selling her original political art works in the vicinity of Union Square, New York, New York.

50. Several New York City Police Officers, including defendant Welsch, approached plaintiff.

51. The officers rifled through and examined the items that plaintiff was selling and commented on their political nature.

52. Ms. Lin explained that all of the items were original works, designed and handcrafted by her, and thus are First Amendment protected items.

53. Despite the fact that they had no probable cause to believe that plaintiff had committed any crime or offense, the officers, including defendant Welsch, placed plaintiff under arrest.

54. Plaintiff was transported to the 13th precinct.

55. Once at the precinct plaintiff was put into a holding cell.

56. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff operating as an unlicensed general vendor, in violation of AC 20-453.

57. At no point did the officers observe plaintiff commit any crimes or offenses.

58. After approximately nine (9) hours in custody, plaintiff was released from the precinct with a desk appearance ticket.

59. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

**Incident No. 4: October 12, 2012**

60. On or about 1:15 p.m. on October 12, 2012, Ms. Li was lawfully selling her original political art works in the vicinity of Union Square, New York, New York.

61. Several New York City Police Officers, including defendant Perez, approached plaintiff.

62. The officers rifled through and examined the items that plaintiff was selling and commented on their political nature.

63. Ms. Lin explained that all of the items were original works, designed and handcrafted by her, and thus are First Amendment protected items.

64. Despite the fact that they had no probable cause to believe that plaintiff had committed any crime or offense, the officers, including defendant Perez, placed plaintiff under arrest.

65. Plaintiff was transported to the 13th precinct.

66. Once at the precinct plaintiff was put into a holding cell.

67. At the precinct the officers, including defendant Perez, falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff commit crimes and offenses.

68. At no point did the officers observe plaintiff commit any crimes or offenses.

69. From the police precinct plaintiff was taken to Manhattan Central Booking.

70. Plaintiff was subsequently arraigned in New York County Criminal Court where the criminal charges were adjourned in contemplation of dismissal.

71. After approximately thirty-six (36) hours in custody, plaintiff was released from custody.

72. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983  Federal Civil Rights Violations

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

75. All of the aforementioned acts deprived plaintiff Li of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

76. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

78. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### False Arrest

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. The Municipal Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff on or about August 15, 2010, June 23, 2011, September 20, 2012, and October 12, 2012 without probable cause, privilege or consent.

81. As a direct and proximate result of this unlawful conduct, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Abuse of Process

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. The individual defendants issued legal process to place plaintiff under arrest on or about August 15, 2010, June 23, 2011, September 20, 2012, and October 12, 2012.

84. The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

85. The Municipal Defendants acted with intent to do harm to plaintiff without excuse or justification.

86. As a direct and proximate result of this unlawful conduct, plaintiff sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights, in addition to the damages hereinbefore alleged.

## FOURTH CLAIM
### First Amendment Retaliation

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of her right to freedom of speech under the First and Fourteenth Amendments, the Municipal Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The Municipal Defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying her right to speak freely by subjecting her to false arrest on or about August 15, 2010, June 23, 2011, September 20, 2012, and October 12, 2012 to deter the exercise of her First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising her First Amendment rights.

89. As a consequence of the Municipal Defendants' actions, plaintiff has suffered violations of her First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehends that she will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing her First Amendment-protected activities.

90. As a direct and proximate result of the Municipal Defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

**WHEREFORE**, plaintiff respectfully requests judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorneys' fees, costs and disbursements of this action.

DATED:   New York, New York
         March 13, 2013

*[signature]*

Katherine E. Smith
495 Henry Street, #159
Brooklyn, NY 11231
ksmith@legalsmithny.com
347-470-3707

*Attorneys for plaintiff*